**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sousan Alexander, | No. CV-26-04593-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| T. Palmer, et al., | |
| Defendants. | |

Plaintiff filed a complaint in this case on July 1, 2026.  In short summary, Plaintiff sues nine individual sheriff's officers, and their employer (Maricopa County) under 42 U.S.C. § 1983.  Plaintiff alleges that on June 3, 2026, the officers entered her residence and forcibly removed her therefrom, "without a warrant, court order, or any other lawful authority." (Doc. 1 at 2).  Plaintiff alleges she has been unable to return to the residence since her removal.

Plaintiff filed a motion for temporary restraining order ("TRO") on July 21, 2026. (Doc. 5).  Federal Rule of Civil Procedure 65 requires that the Court give an opposing party notice and an opportunity to be heard before issuing a TRO unless, "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant [] certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A-B).

Here, Plaintiff fails to show that a TRO should be issued without notice.  Nor does

Plaintiff explain why Defendants have not been served in the 22 days this case has been pending.  Therefore, the Court will deny the motion without prejudice to Plaintiff refiling it after Defendants have been served.

Alternatively, the TRO can be denied on the merits.  Specifically, in the request for TRO Plaintiff seeks to be allowed to return to living in the residence.  However, Plaintiff makes no allegation that any of the nine officers, or Maricopa County, currently hold title to the residence or occupy the residence.  Therefore, on these facts, Plaintiff would need to join the actual owner of the property to obtain the equitable remedy of having the property returned to her.  *See* Fed. R. Civ. P. 19.

Thus, based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for temporary restraining order (Doc. 5) is denied.

Dated this 22nd day of July, 2026.

James A. Teilborg
Senior United States District Judge

- 2 -